UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY, et al., <br><br> Defendants. | CASE NO. C16-1112JLR <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge James Donohue (R&R (Dkt. # 55)), and Plaintiff Anthony Eugene Lewis's objections thereto (Obj. (Dkt. # 56)). Having carefully reviewed the foregoing materials, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 55) and DISMISSES Mr. Lewis's complaint with prejudice.

## II. BACKGROUND

On August 8, 2016, the court granted Mr. Lewis leave to proceed *in forma pauperis* in this action and directed the Clerk to file Mr. Lewis's complaint without the prepayment of fees. (*See* IFP Ord. (Dkt. # 7); Compl. (Dkt. # 8).) On September 16, 2016, the court granted Mr. Lewis leave to file an amended complaint and on October 3, 2016, directed the United States Marshal to serve Mr. Lewis's complaint on Defendant King County.[1] (*See* 9/16/16 Order (Dkt. # 16); Am. Compl. (Dkt. # 19); 10/3/16 Order (Dkt. # 23).) Mr. Lewis alleges a claim under 42 U.S.C. § 1983 contending that King County violated his civil rights by requiring him to comply with Washington's sex offender registration and notification statute ("SORNS"), RCW 9A.44.128-.148. (Am. Compl.) Mr. Lewis complains that King County's enforcement of the statute subjects him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, results in discrimination against him because it precludes him from obtaining low income housing, prevents him from applying for college due to embarrassment and humiliation, and causes him ongoing mental, physical, and spiritual pain and suffering because he must rely on state and federal assistance to survive. (*Id.* at 3-5.)

---

[1] Although Mr. Lewis identifies five separate defendants, the court agrees with Magistrate Judge Donohue that King County is the only proper defendant in this action. (*See* R&R at 2-3, n.1.) Mr. Lewis also names King County Department of Executive Services and King County Sheriff's Offices, but these organizations are not subject to suit because they are entities of King County. *See Nolan v. Snohomish Cty.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). Mr. Lewis also names two statutory provisions as defendants, but statutes are not subject to suit. (*See* R&R at 3, n.1.)

On December 13, 2016, Mr. Lewis filed a motion for summary judgment. (Lewis Mot. (Dkt. # 41).) On January 3, 2017, King County filed a response opposing Mr. Lewis's motion. (KC Resp. (Dkt. # 44).) On the same day, King County filed a cross motion for summary judgment (KC Mot. (Dkt. # 45)), which Mr. Lewis opposed (Lewis Resp. (Dkt. # 51)).

On April 18, 2017, Magistrate Judge Donohue issued a report and recommendation granting King County's motion for summary judgment, denying Mr. Lewis's motion, and dismissing Mr. Lewis's action with prejudice. (*See* R&R at 1, 11.) First, Judge Donohue concluded that King County was entitled to summary judgment on Mr. Lewis's claim that the registration requirements of SORNS constitute cruel and unusual punishment because "[t]he Washington Supreme Court has held that '[w]hile the requirement to register as a sex offender may indeed be burdensome,' registration does not constitute criminal punishement." (R&R at 7 (quoting *State v. Ward*, 869 P.2d 1062, 1068 (Wash. 1994)).) Accordingly, Magistrate Judge Donohue concluded that King County is entitled to summary judgment on Mr. Lewis's Eighth Amendment claims. (*Id.* at 8.)

Second, Magistrate Judge Donohue found that sex offenders are not a suspect or protected class and SORNS passes rational review because SORNS has a legitimate nonpunitive purpose of public safety, which is advanced by alerting the public to the risk of sex offenders in a community. (*Id.* at 8-9.) As such, Magistrate Donohue concluded that SORNS does not violate the Equal Protection Clause of the United States Constitution and King County is entitled to summary judgment on this claim. (*Id.* at 9.)

Finally, Magistrate Judge Donohue found that SORNS did not violate Mr. Lewis's substantive or procedural due process rights. (*Id.* at 9-11.) Specifically with respect to substantive due process, Magistrate Judge Donohue found that rational basis review applies because SORNS does not implicate a fundamental right and for the reasons stated above passes constitutional scrutiny. (*Id.* at 9-10.) Regarding procedural due process, Magistrate Donohue found that SORNS does not create a procedural due process violation when the registration and notification requirements turn solely on an offender's conviction for which the convicted offender has "already had a procedurally safeguarded opportunity to contest." (*Id.* at 10 (quoting *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7-8 (2003)).)

Mr. Lewis filed a timely objection to Magistrate Judge Donohue's report and recommendation. (Obj. (Dkt. # 56); *see also* Lewis Decl. (Dkt. # 57).) King County filed a response to Mr. Lewis's objections. (KC Resp. to Obj. (Dkt. # 58).) The court now reviews Magistrate Judge Donohue's report and recommendation and Mr. Lewis's objections thereto.

### III. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which

specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Mr. Lewis is proceeding *pro se*, this court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

**IV. DISCUSSION**

Mr. Lewis's objections do not raise any novel issues that Magistrate Judge Donohue's Report and Recommendation did not address. (*See generally* Obj.) First, Mr. Lewis fails to establish that the registration requirements under SORNS constitute cruel and unusual punishment. (*See generally* Obj.) Indeed, as King County points out, courts have resolved this issue to the contrary. (KC Resp. to Obj. at 2 (citing *Ward*, 869 P.2d at 1068).)

Second, Mr. Lewis fails to establish that the registration requirement of SORNS violates the Equal Protection Clause by limiting Mr. Lewis's eligibility for low income housing. (*See generally* Obj.) SORNS is rationally related to the legitimate state purpose of public safety. *See Smith v. Doe*, 538 U.S. 84, 102-03 (2003) (upholding Alaska's sex offender registration and notification statute); *see also Ward*, 869 P.2d at 1077 (holding that the state has a legitimate interest in assisting local law enforcement by requiring sex offender registration). Mr. Lewis offers no authority to rebut this case law. (*See generally* Obj.)

Finally, Mr. Lewis fails to establish that the registration requirement of SORNS violates either substantive or procedural due process. Sex offender registration and notification do not implicate fundamental rights. (*See* R&R at 9-10 (citing multiple cases).) SORNS survives rational basis review because it is rationally related to the legitimate state purpose of public safety. Thus, Mr. Lewis cannot demonstrate a substantive due process violation. Mr. Lewis also cannot show any violation of procedural due process because SORNS's registration and notification requirements turn solely on Mr. Lewis's conviction, which Mr. Lewis had a "procedurally safeguarded opportunity to contest." *See Conn. Dep't of Pub. Safety*, 538 U.S. at 7-8; *see also United States v. Fernandes*, 636 F.3d 1254, 1257 (9th Cir. 2011) ("Defendant was afforded due process in his criminal proceeding and chose to plead guilty to a sex offense. Requiring Defendant to register as a sex offender does not violate his right to procedural due process."). Mr. Lewis is not entitled to any additional process than the due process he received at the time of his conviction.

In sum, the court has thoroughly examined the record before it and finds Magistrate Judge Donohue's reasoning persuasive in light of that record. Mr. Lewis essentially reargues the arguments he made to Magistrate Judge Donohue, and the court independently rejects Mr. Lewis's arguments for the same reasons as Magistrate Judge Donohue.

## V. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

1     (1) The court ADOPTS the Report and Recommendation (Dkt. # 55) in its entirety;

2     (2) The court GRANTS King County's motion for summary judgment (Dkt. # 45);

3     (3) The court DISMISSES this action with prejudice; and

4     (4) The court DIRECTS the Clerk to send copies of this Order to Mr. Lewis, counsel for King County, and Magistrate Judge Donohue.

Dated this 14th day of June, 2017.

                                    JAMES L. ROBART
                                    United States District Judge